**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CARLOS BRYE,

       Petitioner,

v.                                                          CASE NO: 8:06-CV-248-T-30MSS

JAMES CROSBY, Jr., Former Secretary,
Florida Department of Corrections,
STATE OF FLORIDA, et al,

       Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of the 2004 sale and possession of cocaine convictions entered against him in the Sixth Judicial Circuit Court, Pinellas County, Florida. (Dkt. #1.)  Respondent filed a response to the petition (Dkt. #5). For the reasons explained below, the Court concludes that the Petition should be denied.

## BACKGROUND

On September 3, 2002, Petitioner, Carlos Brye (hereinafter referred to as "Petitioner"), was charged by Information with one count of sale, and two counts of possession of cocaine. On February 27, 2003, Petitioner pled guilty to all three charges.  Petitioner filed a motion to withdraw his plea which was granted on October 13, 2003.  On June 17, 2004, Petitioner re-entered a guilty plea, pursuant to a plea agreement.  On August 24, 2004, the state court

sentenced Petitioner as an habitual felony offender to fifteen (15) years imprisonment for the sale of cocaine.  Petitioner also received five year incarceration sentences for each of the two possession counts, both to be served concurrent with the 15 year sentence.  Petitioner did not file a direct appeal.

On January 5, 2005, Petitioner filed an application for post-conviction relief pursuant to 3.850 of Florida's Rules of Criminal Procedure (hereafter "3.850 Motion") alleging ineffective assistance of counsel.  The State filed a response, and Petitioner filed objections to the State's response.   On July 15, 2005, the State court summarily denied both of Petitioner's claims. Petitioner appealed to the Second District Court of Appeal for the State of Florida which affirmed in a *per curiam* decision on December 21, 2005.  *See Brye v. State*, 917 So. 2d 868 (Fla. 2d DCA 2005) [table].   On February 7, 2006, Petitioner timely submitted this § 2254 motion for habeas relief.

### Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Federal courts do not conduct independent reviews of claims that were addressed on the merits by the state courts. 28 U.S.C. § 2254(d); *See Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002). Federal courts may not grant habeas relief with respect to claims adjudicated on the merits in state court unless the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

## DISCUSSION

**Overview of Claims:**

In the instant Petition, Petitioner presents two claims of ineffective assistance because trial counsel failed to file motions to suppress evidence. Since Petitioner raised both issues in his 3.850 Motion, these issues are ripe for review.

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 684 (1984). To establish a *prima facie* claim, Petitioner must prove that (1) counsel's performance was deficient; and (2) that the deficient performance prejudiced the Petitioner. *Id*. The *Strickland* standard defines the proper

measure of attorney performance as "reasonableness under prevailing professional norms," but counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Deficient performance requires a showing that "in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Petitioner must show that counsel's deficient performance actually prejudiced the defense case. *Strickland*, 466 U.S. at 691-92. Petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Even an unreasonable error by counsel does not necessitate the setting aside of a judgment if the error did not affect the judgment. *Id.* at 692. Strategic decisions rendered by counsel after a complete review of relevant laws and facts are "virtually unchallengeable." *Id.* at 690-91. Petitioner can not meet his burden by showing that counsel could have chosen a different course at trial. *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Rather, Petitioner must show that counsel did not do what was constitutionally compelled to provide adequate counsel. *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

**Ground One:**

Petitioner alleges that ineffective assistance based on his trial attorney's failure to file a motion to suppress evidence pertaining to his sale of cocaine conviction. Specifically,

Petitioner claims that an unidentified person tampered with the evidence supporting his conviction because both the quantity of cocaine and the description of it on the laboratory analysis differed from the police report.

The state court denied this post-conviction claim as follows:

The Defendant contends that certain evidence was tampered with and alleges that counsel should have filed a motion to suppress that evidence.  He attaches to his motion several reports as exhibits, and he notes that there are discrepancies between both the weight and form of the substance submitted for testing.  He alleges that counsel should have argued these discrepancies in a motion to suppress.

The party attempting to bar relevant evidence must show a probability of tampering. *Taplis v. State*, 803 So. 2d  453 (Fla. 1997).  Put differently, a mere possibility of tampering will not render relevant evidence inadmissible.  *Id.*  In the event a defendant establishes a probability of evidence tampering, the State can rebut that probability by establishing a proper chain of custody.  *Id.* at 454.

In its response, the State argues that the discrepancy in the weight of the substance tested is adequately explained by the fact that one weight, 0.3 grams, is labeled as only an approximate weight, while the results of the analysis lists the actual weight of the substance as 0.2 grams.  The court agrees and finds that this small discrepancy does not establish a probability that the evidence was tampered with.  *See Id.*

Regarding the discrepancy in the form of the cocaine submitted for testing, one report lists the sample as cocaine in rock form, the other lists the sample as cocaine in powder form.  The court finds that this small discrepancy, in light of the other evidence, falls short of establishing a probability of evidence tampering.  *Id.*  Even if this discrepancy establishes a probability of evidence tampering, there is proof of a proper chain of custody.  *See Id.  See also Frederiksen v. State*, 312 So.2d 217 (Fla.3d DCA 1975).

The court finds that any motion to suppress based on evidence tampering would have failed.  Counsel cannot be ineffective for failing to file an unsuccessful motion.  Therefore, the court finds that the Defendant has failed to establish that counsel's performance was deficient.

(Dkt. #5 at 5.)   To receive habeas relief Petitioner must prove that the state court unreasonably applied federal law. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden.

First, Petitioner's voluntary and knowing plea waived his non-jurisdictional claims up through the time of the plea, including claims of ineffectiveness of counsel, unless they relate to whether the plea was knowing and voluntary. *See Jennings v. Crosby*, 2006 WL 2425522, at *7 (M.D.Fla., August 21, 2006) (*quoting United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.2000)); *see also Wilson v. United States*, 962 F.2d 996 (11th Cir.1992); *United States v. Broce*, 488 U.S. 563 (1989). The alleged ineffective assistance in this claim occurred prior to the change in plea hearing. Petitioner does not contend his plea wasn't voluntary. Therefore, this ground was waived.

Second, even if the ground hadn't been waived by the guilty plea, the claim would still fail. The state judge considered the witness tampering claim and determined that there were only slight discrepancies in the record, none of which would establish a probability of witness tampering. A motion to suppress on these grounds would have been unsuccessful. At most, it would have gone to the weight of the evidence, not to its admissibility. Accordingly, counsel was not deficient for failing to file such a motion. *Chandler v. Moore*, 240 F.3d 907, 917-18 (11th Cir. 2001) (rejecting argument for ineffective assistance of counsel where counsel failed to raise a non-meritorious claim). Since the record shows that the state court properly applied *Strickland*, this ground fails.

**Ground Two:**

Petitioner alleges that trial counsel was ineffective for failing to file a motion to suppress evidence pertaining to his constructive possession of cocaine conviction. In support of his claim, Petitioner argues that the items admitted into evidence did not prove that he constructively possessed cocaine because the items were seized at an apartment over which Petitioner had no control. Petitioner also states that he was detained at a different location, and the "items of evidence" were not found on his person.

This claim was waived by his guilty plea for the same reasons stated in Ground One. Even if it were not waived, this claim would still fail. The State court denied this post-conviction claim as follows:

> This claim relates to the Defendant's conviction on ground three for possession of cocaine. The Defendant had sold cocaine twice to a confidential informant out of a certain apartment. The police obtained a search warrant for that address. When the police arrived to search the apartment, cocaine and paraphernalia were found in plain view.
>
> The Defendant was charged with possession of cocaine on this count based on his alleged constructive possession of the contraband found inside the apartment. The Defendant contends that he did not have constructive possession of the cocaine, and his attorney should have filed a motion to suppress the contraband found at the apartment.
>
> It is clear from the record that the police had probable cause to obtain a search warrant for the apartment based on the two controlled buys conducted at that apartment. The police executed the search warrant and found the contraband. The court finds that there was no valid basis for the Defendant's counsel to file a motion to suppress. Again, the court finds that counsel cannot be ineffective for failing to file an unsuccessful motion.

(*internal citations omitted*) (Dkt. #5 at 5-6.)  Petitioner does not set forth a factual basis to support his ineffective assistance of counsel claim.  In support of his claim, Petitioner asserts that since he was arrested at a location separate from where the evidence was found, the State could not prove constructive possession.  Petitioner is incorrect.  *See United States v. Edwards*, 166 F.3d 1362, 1364 (11th Cir. 1999) ("A defendant has constructive possession of a substance when he has some form of control other than direct physical control."); *United States v. Harris*, 20 F.3d 445, 454 (11th Cir.1994) (government may establish constructive possession by showing ownership, dominion, or control over controlled substance itself or premises where substance is located).

Also in support of this claim, Petitioner contends that he had no control over the apartment where the cocaine was seized.  Petitioner does not assert that he did not lease or live at the apartment.  In fact, police presented evidence to the contrary - that Petitioner sold cocaine twice to a confidential informant out of the apartment from which the evidence was seized.  Vague, conclusory, speculative, or unsupported claims are insufficient to support claims of ineffective assistance of counsel.  *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992).  Petitioner fails to demonstrate that counsel rendered deficient performance.  Accordingly, this ground fails.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1.      Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 (Dkt. #1) is DENIED.

2.      The Clerk is to enter judgment for Respondents, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 2, 2008.

_____

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

F:\Docs\2006\06-cv-248.brye 2254.wpd